# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WORLD OF JEANS & TOPS, a California corporation dba TILLY'S;
TILLY'S, INC., a Delaware corporation; DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEBORAH LYDDY, an individual, on behalf of herself and all others
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2011 OCT -4  AM 9: 09

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2011-00096812-CU-BT-CTL |

330 W. Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Derrick Coleman, Coleman Frost LLP, 429 Santa Monica Blvd. #700, Santa Monica CA 90401 (310)576-7312

| DATE: OCT 0 4 2011<br>*(Fecha)* | Clerk, by R Vela | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* World of Jeans & Tops, a California Corporation dba Tilly's

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT A**

BY FAX

2011 OCT -4  AM 9: 09

1   Derrick F. Coleman (SBN 170955)
2   **COLEMAN FROST LLP**
    429 Santa Monica Blvd., Suite 700
3   Santa Monica, CA 90401
    Telephone: (310) 576-7312
4   Facsimile: (310) 899-1016
    www.colemanfrost.com
5
6   Attorneys for Plaintiff
    Deborah Lyddy
7
8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9               **IN AND FOR THE COUNTY OF SAN DIEGO**
10
11  DEBORAH LYDDY, an individual, on          Case No:   37-2011-00098812-CU-BT-CTL
12  behalf of herself and all others similarly
    situated,                                 **CLASS ACTION**
13
                    Plaintiff,                **COMPLAINT FOR:**
14
    vs.
15                                            **(1) VIOLATION OF CIVIL CODE §1750;**
16  WORLD OF JEANS & TOPS, a California
    corporation dba TILLY'S; TILLY'S, INC.,   **(2) VIOLATION OF CALIFORNIA**
17  a Delaware corporation; and DOES 1        **BUSINESS AND PROFESSIONS CODE §**
    through 100, inclusive,                   **17200 ET. SEQ. [UNLAWFUL, UNFAIR**
18                                            **AND FRAUDULENT BUSINESS**
                    Defendants.               **PRACTICE];**
19
20                                            **(3) VIOLATION OF CALIFORNIA**
                                              **BUSINESS AND PROFESSIONS**
21                                            **CODE § 17500 ET. SEQ.**
                                              **[FALSE ADVERTISING]; AND**
22
23                                            **(4) CONVERSION**
24
25
26      Plaintiff Deborah Lyddy, individually, and on behalf of all others similarly situated, hereby
27  complains and alleges on information and belief as follows:
28

            CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**EXHIBIT A**

## PARTIES

1. Plaintiff Deborah Lyddy is an individual who at all times herein relevant resided, and continues to reside in the State of California, County of San Diego.

2. Plaintiff seeks relief in her individual capacity; in addition, Plaintiff seeks to represent a class consisting of all persons in the State of California who have purchased, received or possessed a Tilly's gift card on or after January 1, 2008 that that states that the gift card can only be used to purchase Tilly's merchandise. Specifically excluded from the class are any entities in which any Defendant has a controlling interest, any of Defendants' respective parents, subsidiaries, affiliates and officers and directors and the members of their immediate families, and their heirs, successors and assigns (hereinafter "Class").

3. Upon information and belief, Plaintiff alleges that Defendant World of Jeans & Tops, doing business as Tilly's is a California corporation having its principal place of business in Irvine, California and that Defendant Tilly's, Inc. is a Delaware corporation having its principal place of business in Irvine, California (collectively, "Tilly's"). Tilly's is a national clothing and accessories retailer with dozens of stores in California. Tilly's sells gift cards and merchandise in its retail stores and through its web site at www.tillys.com. Tilly's conducted the illegal scheme described herein in San Diego County, California.

4. Plaintiff is unaware of the true names, identities or capacities, whether individual, corporate, associate or otherwise, of those Defendants sued herein as DOES 1 through 100, inclusive. Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of these Defendants when they are ascertained.

5. Plaintiff is informed and believes and on that basis alleges that Defendants sued herein as DOES 1 through 100, inclusive, and each of them, are in some way responsible for the acts and events complained of herein, and proximately caused the injuries and damages to Plaintiff which

2

EXHIBIT A

1  are described in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to more

2  specifically set forth these Defendants' wrongful conduct when it has been ascertained.

3      6.    Plaintiff is informed and believes and on that basis alleges that at all times herein

4  mentioned, Defendant and DOES 1 through 100, and each of them, were the principals, agents,

5  servants, employers, employees, representatives, subsidiaries, affiliates of Defendant and

6  operating within the purpose and scope of their relationships with Defendant, and engaged in

7  conduct that was directed, authorized, ratified, approved, or otherwise sanctioned by Defendant,

8  and that DOES 1 through 100 are responsible in some manner for the occurrences and/or acts

9  complained of herein and are liable to Plaintiff.  All Defendants are collectively referred to herein

10  as "Defendant" or "Tilly's."

11

12  ## JURISDICTION AND VENUE

13      7.    This Court has subject matter jurisdiction over this action pursuant to California

14  Business and Professions Code §§ 17203, 17204 and 17535 and Civil Code § 1780.  This Court

15  has personal jurisdiction over Tilly's because it conducted and continues to conduct business in

16  the State of California, County of San Diego. Tilly's gift cards are sold in the State of California,

17  County of San Diego that are not redeemable for their cash value when the remaining cash value

18  on the cards falls below $10.00 and Tilly's has knowingly sold gift cards in the State of California

19  that misrepresent the redemption rights of California consumers

20      8.    Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395

21  and 395.5, Business and Professions Code §§ 17203, 17204 and 17535, and Civil Code § 1780(c)

22  because Defendant conducts business in this County.  Venue is also proper because a substantial

23  portion of the misconduct alleged herein occurred in the County of San Diego, and Plaintiff

24  specifically received and redeemed her Tilly's gift card in San Diego County.

25      9.    Federal subject matter jurisdiction over this action does not exist.  Plaintiff is informed

26  and believes that the parties in this action do not meet the diversity requirements of the Class

27  Action Fairness Act of 2005, which allows Plaintiff to bring this action in California State Court.

28

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**EXHIBIT A**

1    Plaintiff is informed and believes and thereon alleges that the total amount in controversy is less

2    than $5,000,000.00. If new facts are obtained with respect to the amount at issue, Plaintiff will

3    seek leave to amend this Complaint.

4        10.  Plaintiff and the members of the Class assert no federal question. The state law claims

5    mandate that this action be heard in a California state court.

6                                    **FACTUAL ALLEGATIONS**

7        11.  Defendant sells pre-paid gift cards to consumers. These gift cards are available for

8    purchase online at www.tillys.com and at a variety of physical locations, including in Tilly's retail

9    stores, and may be purchased in varying amounts. The gift card is a pre-paid gift certificate,

10   defined in Section 1749.45(a) of the California Civil Code, and is usable exclusively to purchase

11   Tilly's products at Tilly's stores and online at the Tilly's web site.

12

13       12.  When a Tilly's gift card is used for a purchase, the dollar value of the purchase is

14   deducted from the balance of the gift card.

15       13.  The Tilly's gift cards are not redeemable for the cash balance on the card either before

16   or after the remaining balance on the card falls below $10.00.

17       14.  By selling gift cards that are not redeemable for cash when the balance on the card

18   falls below $10.00, Defendant has violated, and continues to violate, Section 1749.5(b)(2) of the

19   California Civil Code, which makes it unlawful for any person or entity to sell a gift card that is

20   not redeemable for its cash value when the remaining cash value on the card is less than $10.00.

21

22       15.  After the effective date of the California gift card law, Tilly's sold gift cards in

23   California that falsely represented that the gift card could only be used for purchases of

24   merchandise at Tilly's stores and web site. At no point did Defendant inform Plaintiffs or the

25   Class that this representation was false and that California consumers had a statutory right to

26   redeem their gift cards for cash when the remaining value on the card fell below $10.00 or that

27   Defendant's redemption policy violated Civil Code Section 1749.5(b)(2).

28       16.  On or after January 1, 2008, Plaintiff received a Tilly's gift card that stated that it

4

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A

1  could only be used for purchase of merchandise at a Tilly's store or affiliated internet site.

2  Plaintiff, in reliance on Defendant's statements and non-disclosures regarding the Tilly's gift card

3  policy, spent more than the face value of her gift card to make an extra purchase of Tilly's

4  merchandise. But for the misleading statements and non-disclosures regarding her gift card

5  redemption rights and the Tilly's gift card policy, Plaintiff would not have bought the additional

6  merchandise. Accordingly, Plaintiff sustained losses as a result of Defendant's statements and

7  non-disclosures regarding the Tilly's gift card.

8  <u>**CLASS ALLEGATIONS**</u>

9      17.  Plaintiff alleges and incorporates by reference each and every allegation contained in

10  paragraphs 1 through 16 above, as if set forth in full herein.

11     18.  This action may properly be maintained as a class action pursuant to California Code

12  of Civil Procedure § 382 and Civil Code §§ 1752, 1780 and 1781.

13     19.  Plaintiff is informed and believes that the Class consists of thousands of persons in the

14  State of California. The members of the Class are so numerous that separate joinder of each

15  member is impractical. Appropriate discovery can determine the exact number of Class members.

16  The disposition of their claims in a class action will provide substantial benefits to the parties and

17  the Court. Furthermore, the prosecution of separate actions by individual members of the Class

18  would create a risk of inconsistent or varying adjudications and would necessarily be dispositive

19  of claims owned by non-party class members.

20     20.  There exists a well-defined community of interest in the questions of law and fact

21  presented by this controversy. These questions of law and fact common to the representative

22  Plaintiff and other Class members predominate over questions which may affect only individual

23  members. These common questions include, among others:

24      a.      Whether Defendant sold gift cards that violated California Civil Code §

25  1749.5(b)(2);

26      b.      Whether Defendant made statements on its gift cards concerning the redemption

27

28

5

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A

1   right of Plaintiff and the Class to redeem the card for its cash value when that value falls below

2   $10.00;

3         c.      Whether Defendant's gift cards disclosed to Plaintiff and the Class that they have a

4   right under California law to redeem the card for its cash value when that value falls below

5   $10.00;

6

7         d.      Whether Defendant had a duty to disclose to Plaintiff and to the Class that they

8   have a right under California law to redeem a gift card for its cash value when that value falls

9   below $10.00;

10        e.      Whether Defendant marketed or advertised the gift card in a manner that misled

11  Plaintiff and the Class into believing that they had to purchase additional Tilly's merchandise or

12  leave the unused balance on the gift card instead of redeeming the gift card for its cash value when

13  that value fell below $10.00;

14

15        f.      Whether Defendant marketed or advertised the gift card in a manner likely to

16  deceive Plaintiff and the Class into believing that Plaintiff and the Class had to purchase additional

17  Tilly's merchandise or leave the unused balance on the gift card instead of redeeming the gift card

18  for its cash value when that value fell below $10.00;

19        g.      Whether Defendant's marketing or advertising of the gift card deceived Plaintiff

20  and the Class into believing that Plaintiff and the Class had to purchase additional Tilly's

21  merchandise or leave the unused balance on the gift card instead of redeeming the gift card for its

22  cash value when that value fell below $10.00;

23

24        h.      Whether Defendant's misrepresentations and failures to disclose were material;

25        i.      Whether Defendant improperly marketed consumers' rights regarding the gift card;

26        j.      Whether Defendant concealed or failed to disclose material facts in the course of

27  marketing and selling the gift cards;

28        k.      Whether Defendant misrepresented its own policy and consumers' rights regarding

6

EXHIBIT A

1    the gift card;

2        l.    Whether the provision regarding redemption rights on Defendant's gift card is

3    unconscionable;

4        m.    Whether Defendant engaged in unlawful conduct in violation of the Consumers

5    Legal Remedies Act, California Civil Code § 1750 *et seq.*;

6        n.    Whether Defendant engaged in unfair, deceptive and/or unlawful practices that

7    violated California Business & Professions Code § 17200 *et seq.*;

8        o.    Whether Defendant engaged in untrue and misleading advertising in violation of

9    California Business & Professions Code § 17500 *et seq.*;

10       p.    Whether Plaintiff and the Class have sustained damage;

11       q.    Whether Plaintiff and the Class are entitled to restitution;

12       r.    The amount of restitution and any other applicable relief to which the Class is

13   entitled; and

14

15       s.    Whether injunctive relief is appropriate and the appropriate terms of such

16   injunctive relief.

17       21.   The claims of the representative Plaintiff are typical of the claims of each member of

18   the Class.  Plaintiff has the same interest in this matter as all other members of the Class.

19       22.   The prosecution of separate claims by each individual member of the Class would

20   create a risk of inconsistent or varying adjudications.

21       23.   Class treatment is superior to other available methods for the fair and efficient

22   adjudication of this controversy.

23       24.   A Class certified for injunctive relief is appropriate because Defendant has acted or

24   refused to act on grounds generally applicable to the Class, thereby making appropriate final

25   injunctive relief with respect to the Class as a whole.

26       25.   Conjunctively or alternatively, a Class certified for damages is also appropriate.

27   Common questions of law and fact predominate over individual questions.  For instance, all

28

7

EXHIBIT A

injuries sustained by any member of the Class arise out of the singular conduct of Defendant in uniformly providing misleading information regarding its gift card and in offering and selling its gift card through unfair and illegal conduct and false and misleading advertising and misrepresentations.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member may be limited. The burden and expense of individually prosecuting each action is large compared to the actual damage each Class member may have suffered, making it cost prohibitive to redress the harms. A class action, by contrast, would adjudicate the claims in a more manageable and economical setting. Even if any Class member could afford individual litigation, it would be unduly burdensome to the Class member and to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court.

27. Plaintiff's claims are typical of the claims of the Class in that the claims of all members of the Class result from Defendant's actions in marketing and selling gift cards that are not redeemable for their cash value when the remaining cash value on the card falls below $10.00.

28. There is no conflict between the representative Plaintiff and other members of the Class with respect to this action, or with respect to the claims for relief herein set forth.

29. The named Plaintiff is the representative party for the Class and is able to and will fairly and adequately protect the interests of the Class.

## FIRST CAUSE OF ACTION

### (Violation of Cal. Civ. Code § 1750 *et seq.*)

30. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 above, as if set forth in full herein.

31. Plaintiff brings this claim individually and on behalf of the Class.

8

32.   The Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*, proscribes certain unfair methods of competition and unfair or deceptive acts or practices undertaken by a person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.  These acts include, but are not limited to, advertising goods or services with intent not to sell them as advertised; making false or misleading statements of fact concerning uses and benefits related to the transaction; representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; representing that the transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and inserting an unconscionable provision in a contract.  The CLRA provides for, among other remedies, injunctive relief.

33.   Defendant's actions constitute unfair methods of competition and unfair or deceptive acts or practices as outlined in the CLRA in at least the following ways:

a.      The Defendant misrepresents that the gift cards are not redeemable for cash despite that Civil Code Section 1749.5(b)(2) requires that the cards be redeemable for their cash value when the cash value falls below $10.00;

b.      Defendant misrepresents that the gift cards may only be redeemed to purchase Tilly's merchandise;

c.      Defendant does not disclose that its cards cannot be redeemed for cash when the cash value falls below $10.00 in violation of Civil Code Section 1749.5(b)(2); and

d.      Defendant misrepresents the rights of California consumers in connection with the available rights, remedies and obligations associated with the redemption of Tilly's gift cards.

34.   Accordingly, Defendant's conduct violated, among other provisions of the CLRA, Civil Code §§ 1770(a)(5), (a)(9), (a)(14), and (a)(19).

35.   Defendant's unfair methods of competition and unfair or deceptive acts or practices were material to Plaintiff's and other Class members' decision to purchase Defendant's gift card and/or redeem the gift card.  Plaintiff and the Class reasonably relied on the misrepresentations

9

EXHIBIT A

1   and misleading statements made on the Till's gift cards and sustained injury in fact as a result of

2   Defendant's misconduct, including but not limited to, the loss of money used to purchase the gift

3   cards, the diminution in value of the gift cards, the ability to redeem and deprivation of the right to

4   redeem the gift cards for their cash value when the value falls below $10.00, additional funds

5   spent on extra purchases of Defendant's merchandise and loss of money from unused cards with

6   balances below $10.00. Further, as alleged above, the terms of the gift card's use constitute an

7   unconscionable provision of the contract between Defendant and the gift card's holder. As a result

8   of Defendant's conduct, Plaintiff and Class Members have sustained damage.

9

10      36. Additionally, failing to disclose the unconscionable term to consumers is itself a

11  violation of the CLRA.

12      37. Unless restrained and enjoined, Defendant will continue to engage in the above-

13  described conduct. Accordingly, injunctive relief is appropriate.

14      38. As a result of Defendant's conduct, Plaintiff and the Class are entitled to appropriate

15  and legally available restitution.

16      39. Plaintiff has standing to bring an action pursuant to the CLRA on behalf of themselves

17  and the Class because Plaintiff and the members of the Class have sustained damage as a result of

18  Defendants' wrongful conduct. Pursuant to Section 1782 of the Act, Plaintiff notified Defendant

19  in writing by certified mail of the particular violations of Section 1770 of the Act and demanded

20  that Defendant rectify the problems associated with the actions detailed above and give notice to

21  all affected consumers of its intent to so act. A copy of the letter is attached hereto as Exhibit A. If

22  Defendant fails to rectify or agree to rectify the problems associated with the actions detailed

23  above and give notice to all affected consumers within 30 days of the date of written notice

24  pursuant to Section 1782 of the Act, Plaintiff will amend this Complaint to add claims for actual,

25  punitive and statutory damages, as appropriate.

26      40. Pursuant to Section 1780(d) of the Act, attached hereto as Exhibit B is the affidavit

27  showing that this action has been commenced in the proper forum.

28

10

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A

41. Plaintiff has incurred attorneys' fees and costs in connection with the filing of this Complaint and anticipates incurring additional attorneys' fees and costs in connection with the prosecution of this action. An award of attorneys' fees is therefore appropriate pursuant to, among other grounds, Civil Code § 1780(d).

## SECOND CAUSE OF ACTION

### (Violation of Cal. B&P § 17200 *et seq.*)

### [Unlawful, Unfair and Fraudulent Business Practice]

42. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41 above, as if set forth in full herein.

43. Plaintiff brings this claim individually and on behalf of the Class.

44. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's conduct.

45. The Unfair Competition Law, California Business and Profession Code § 17200, *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "fraudulent" or "unfair" business act or practice.

46. In the course of conducting business, Defendant committed unlawful, unfair and fraudulent business practices by, among other things:

    a.    Violating Section 1749.5(b)(2) of the California Civil Code by selling gift cards that are not redeemable for their cash value when the balance on the gift cards is less than $10.00, as alleged herein;

    b.    Violating the CLRA as alleged herein; and

    c.    Violating California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), as alleged herein.

47. Defendant's actions also constitute "unfair" and "fraudulent" business acts and practices under the UCL. Defendant advertises and promotes its gift card as not being redeemable for cash. Not only does Defendant fail to inform Plaintiff and other members of the Class that

11

EXHIBIT A

1  under California law they may redeem a Tilly's gift card for its cash value once the balance falls

2  below $10.00, Defendant misrepresented to Plaintiff and other members of the Class that Tilly's

3  gift cards could only be redeemed to purchase Tilly's merchandise.  This representation, which

4  appears on the gift card itself and on the Tilly's web site, is false, deceptive, misleading, unfair,

5  and fraudulent, and is designed to prevent Plaintiff and other members of the Class from

6  exercising their rights under California law.

7        48.  Defendant's actions also constitute "unfair" and "fraudulent" business acts and

8  practices under the UCL as consumers are likely to expect that the Defendant's misrepresentations

9  regarding their rights under California law are true and these individuals are therefore unlikely to

10  even attempt to redeem the cards for cash once the value dips below $10.00.  Instead, Defendant's

11  misrepresentations encourage consumers to either not use the remaining balance on gift cards

12  under $10.00 or force consumers to purchase additional merchandise rather than "waste" the

13  balance on the card or allow the balance on the card to go unused.

14

15        49.  Based upon the foregoing, Defendant's conduct is "fraudulent" as Plaintiff and the

16  other members of the Class are likely to be deceived by Defendant's conduct.

17        50.  Plaintiff and other members of the Class have in fact been deceived as a result of their

18  reliance on Defendant's representations and omissions.  This reliance has caused harm to Plaintiff

19  and other members of the Class.

20        51.  As a result of its deception, Defendant has been able to sell more gift cards and

21  products, resulting in Defendant receiving unjust revenue and profit.

22        52.  As alleged above, Plaintiff and other Class members have suffered actual harm as a

23  result of these unlawful practices.

24        53.  Unless restrained and enjoined, Defendant will continue to engage in the above-

25  described conduct.  Accordingly, injunctive relief is appropriate.

26        54.  Plaintiff, on behalf of herself and all others similarly situated in California, seeks

27  disgorgement of all profits obtained from unfair competition, an injunction prohibiting Defendant

28

12

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A

1  from continuing such practice, restitution, and all other relief this Court deems appropriate,

2  consistent with § 17203 of the California Business and Professions Code.

3  ### THIRD CAUSE OF ACTION

4  **(Violation of Cal. B&P § 17500 et seq.)**

5  **[False Advertising]**

6  55.  Plaintiff alleges and incorporates by reference each and every allegation contained in

7  paragraphs 1 through 54 above, as if set forth in full herein.

8  56.  Plaintiff brings this claim individually and on behalf of the Class.

9  57.  As alleged herein, Plaintiff and the Class have suffered injury in fact and lost money

10  or property as a result of Defendant's conduct.

11  58.  Plaintiff is informed and believes that Defendant advertises and markets gift cards in a

12  false and misleading manner indicating that consumers do not have the right to redeem Tilly's gift

13  cards for cash despite California law requiring the gift cards to be redeemable for cash when the

14  cash value falls below $10.00.

15  59.  Defendant knew or should have known that this advertising is untrue and/or

16  misleading.  Defendant knew or should have known that consumers would expect that the gift

17  cards are not redeemable for cash regardless of the balance on the card in light of these

18  misrepresentations.

19  60.  Defendant has committed acts of untrue and misleading advertising, as defined by Cal.

20  Bus. & Prof. Code § 17500, by engaging in the acts and practices described above with the intent

21  to induce members of the public to purchase its products, Plaintiff and the members of the Class

22  relied on the false advertising campaign conducted by the Defendant, and sustained losses as a

23  result of the false advertising campaign.

24  61.  Plaintiff, on behalf of herself and all others similarly situated in California, seeks an

25  injunction prohibiting Defendant from continuing such practice, restitution, and all other relief this

26  Court deems appropriate, consistent with the False Advertising Law, California Bus. & Prof. Code

13

EXHIBIT A

§§ 17500, *et seq.*

## FOURTH CAUSE OF ACTION

### (For Conversion)

62. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 61 above, as if set forth in full herein.

63. Plaintiff brings this claim individually and on behalf of the Class.

64. Defendant wrongfully took possession of value on the gift cards belonging to Plaintiff and other members of the Class as set forth herein.

65. Plaintiff and other members of the Class did not consent to Defendant taking and withholding said funds.

66. Plaintiff and other members of the Class have suffered harm as a result of Defendant's wrongful taking and withholding of their property. Further, Plaintiff and the members of the Class have been, and continue to be, to their further damage, unable to use the funds Defendant wrongfully took.

67. Plaintiff requests individually and on behalf of all Class members damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own and on behalf of the Class, pray for judgment against Defendant as follows:

A.     For an order certifying this a class action and appointing Plaintiff and his counsel to represent the Class;

B.     For declaratory relief finding that Defendant has engaged in unfair, unlawful, or fraudulent business acts or practices in violation of the CLRA and California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

C.     For preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, distributors, servants, employees, attorneys, and all others in active

14

EXHIBIT A

1    concert or participation with Defendant from engaging in the false advertising campaign and

2    selling gift cards that are not redeemable for cash once the balance remaining on the cards falls

3    below $10.00;

4         D.      For appropriate restitution to all persons from whom Defendant unlawfully,

5    unfairly, or fraudulently took money on the illegal gift cards, and accrued interest, in addition to

6    other unjust enrichment of Defendant, in an amount to be proven at trial;

7         E.      For appropriate restitution, disgorgement, or any other equitable relief this Court

8    deems proper, including imposing a constructive trust on Defendant's excess profits from the

9    improper and unlawful marketing and sale of Defendant's gift cards and other products in an

10   inequitable manner at the expense of its customers and is thus accountable to the Plaintiff and

11   Class members to restore such money and is holding in constructive trust such monies for the

12   benefit of Plaintiff and the Class, and under California Civil Code § 1749.6 gift cards values

13   constitutes monies held in trust by the issuer of the card on behalf of the beneficiary of the gift

14   card;

15        F.      Under the fourth cause of action only, actual damages suffered by Plaintiff and

16   members of the Class;

17        G.      Under the fourth cause of action only,  punitive damages, to be awarded to

18   Plaintiff and each Class member;

19        H.      For interest at the maximum rate allowed by law;

20        I.      For costs of suit;

21        J.      For Plaintiff to be awarded attorneys' fees and all litigation expenses pursuant to the

22   California Civil Code § 1780(d) and California Code of Civil Procedure § 1021.5.  Alternatively,

23   for all attorneys' fees and all litigation expenses to be awarded pursuant to the substantial benefit

24   doctrine, the common fund doctrine, or any other provision of law; and

25        K.      For such other and further relief as the Court may deem just and proper.

26

27

28

15

EXHIBIT A

1

## JURY DEMAND

2      Plaintiff demands a trial by jury.

3                                          COLEMAN FROST LLP

4

5  Dated: September ___, 2011              By: _____
                                           Derrick F. Coleman
6                                          Attorneys for Plaintiff Deborah Lyddy

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

EXHIBIT A

# EXHIBIT A



# COLEMAN FROST LLP
429 SANTA MONICA BLVD.
SUITE 700
SANTA MONICA, CA 90401

September 29, 2011

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
World of Jean & Tops
c/o National Registered Agents, Inc.
2875 Michelle Dr., Suite 100
Irvine, CA 92606

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mr. Patrick Grosso
Vice President and General Counsel
Tilly's Inc. and World of Jeans & Tops dba Tilly's
10 Whatney
Irvine, CA 92618

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Tilly's, Inc.
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mr. Daniel Griesemer
President and Chief Executive Officer
Tilly's, Inc. and World of Jeans & Tops dba Tilly's
10 Whatney
Irvine, CA 92618

_Re: Tilly's Gift Cards – Violation of California Consumers Legal Remedies Act_

Gentlemen:

This letter serves as notice pursuant to the California Consumers Legal Remedies Act ("CLRA"), California Civil Code sections 1750 *et seq.*, specifically pursuant to California Civil Code section 1782, that World of Jeans & Tops, doing business as Tilly's ("Tilly's") has violated several sections of the CLRA with respect to its Tilly's gift cards. This office represents Deborah Lyddy, a California consumer and Tilly's gift card holder. Ms. Lyddy demands that Tilly's remedy its violations of the CLRA within 30 days after receipt of this letter and return to all Tilly's gift card holders and purchasers in the State of California all funds and ill-gotten gains that have been received as a result of Tilly's deceptive and unfair acts and practices.

Tel (310) 576-7312 • Fax (310) 899-1016 • www.colemanfrost.com

EXHIBIT A

Mr. Daniel Griesemer
Mr. Patrick Grosso
September 29, 2011
Page 2 of 2

Tilly's gift cards are pre-paid gift certificates as defined in California Civil Code section 1749.45(a).  In spite of California's law requiring that gift cards be redeemable for cash when their value falls below $10.00, Tilly's has a policy of refusing to redeem its gift cards for cash when the value on those cards falls below $10.00, represents to consumers that the Tilly's gift cards may only be redeemed to purchase Tilly's merchandise, misrepresents consumers actual gift card redemption rights under California law and fails to inform consumers that Tilly's refuses to comply with the law of the State of California.  Because Tilly's gift cards are not redeemable for cash in the State of California as stated on the Tilly's gift cards and web site, this also constitutes a misrepresentation and an unconscionable provision in a contract.

Ms. Lyddy alleges that Tilly's has violated the CLRA by:

1. Representing that the Tilly's gift cards have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . . Cal. Civ. Code § 1770(a)(5).

2. Advertising the Tilly's gift cards with intent not to sell them as advertised.  Cal. Civ. Code § 1770(a)(9).

3. Representing that Tilly's gift card transactions confer or involve rights, remedies, or obligations which they does not have or involve, or which are prohibited by law. Cal. Civ. Code § 1770(a)(14).

4. Inserting an unconscionable provision in the contract.  Cal. Civ. Code § 1770(a)(19).

Ms. Lyddy has filed a class action lawsuit in San Diego County for injunctive and equitable relief preventing Tilly's from continuing to violate the CLRA.  If Tilly's fails to comply with this demand within thirty days, Ms. Lyddy will amend her complaint to include a claim for damages pursuant to the CLRA.

Sincerely,

Derrick Coleman, Esq.
COLEMAN FROST LLP

EXHIBIT A

# EXHIBIT B

EXHIBIT A

**DECLARATION OF DEBORAH LYDDY**

I, Deborah Lyddy, declare as follows:

1. I am the plaintiff in the above-entitled action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

2. I am over twenty-one years of age and am a resident of San Diego, California.

3. Every part of my Tilly's gift card transactions were conducted in San Diego County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on the 30 day of September, 2011 at San Diego, California.

_Deborah Lyddy_
Deborah Lyddy

PLAINTIFF'S VENUE DECLARATION

EXHIBIT A