# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH LYDDY, <br><br>                                  Plaintiff, <br>  vs. <br> WORLD OF JEANS & TOPS, dba TILLY'S; and TILLY'S INC., <br><br>                                  Defendants. | CASE NO. 11cv2658 JM(NLS) <br><br> ORDER GRANTING MOTION TO REMAND |

Plaintiff Deborah Lyddy ("Lyddy") moves to remand this action to state court for lack of subject matter jurisdiction. Defendants World of Jeans & Tops, dba Tilly's, and Tilly's Inc. (collectively "Tilly's") separately move to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. All motions are opposed. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motion to remand and denies the motion to dismiss as moot.

**BACKGROUND**

On October 4, 2011, Plaintiff commenced this action in the Superior Court for the County of San Diego by filing a class action complaint alleging four claims for (1) violation of Civil Code §1750, (2) violation of Bus. and Prof. §17200; (3) violation of Bus. and Prof. §17500; and (4) conversion. On November 15, 2011, Tilly's removed this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA").

Plaintiff's central allegation is that Tilly's violates Civil Code §1749.5(b)(2) by selling pre-paid gift cards that are not redeemable for the cash balance when the remaining cash balance falls below $10.00. (Compl. ¶11-14). Plaintiff alleges that this conduct violates California's Consumer Legal Remedies Act, Civil Code §1750; Unfair Competition Law, Bus. and Prof. §17200; and False Advertising Law, Bus. and Prof. §17500. (Compl. ¶20). Lyddy also alleges that Tilly's wrongfully converted her monies by taking possession of the remaining value of the gift card. (Compl. ¶64).

Plaintiff brings this action as a class action consisting "of thousands of persons in the State of California." (Compl. ¶19). Plaintiff alleges that federal subject matter jurisdiction is lacking under CAFA because the "total amount in controversy is less than $5,000,000." (Compl. ¶9). In the event Plaintiff discovers "new facts [] obtained with respect to the amount at issue, Plaintiff will seek leave to amend this Complaint." Id.

Plaintiff now moves to remand the action to state court on the ground that CAFA's $5,000,000 amount in controversy is not satisfied or, alternatively, that the local controversy exception to CAFA, 29 U.S.C. §1332(d)(4), renders the removal improper. Tilly's opposes the motion.

## DISCUSSION

**The Amount in Controversy**

The court addresses Plaintiff's claim that the court lacks subject matter jurisdiction because the amount in controversy falls below CAFA's statutory minimum requirement of $5,000,000. Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)).

A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Tilly's, as the party who invokes federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). Any doubts regarding removal jurisdiction are construed against defendant and in favor of remanding

1  the case to state court.  See Gaus, 980 F.2d at 566.  Even after enactment of CAFA, the burden of
2  demonstrating subject matter jurisdiction at the time the Notice is filed remains with defendant.  See
3  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) (under CAFA,
4  defendant retains the burden of establishing federal jurisdiction, including the amount in controversy).

5  Where subject matter jurisdiction is premised upon CAFA, and plaintiff has pled an amount
6  in controversy less than $5,000,000, "the party seeking removal must prove with 'legal certainty' that
7  the amount in controversy is satisfied." Lowdermilk v. U.S. Bank National Assn'n, 479 F.3d 994, 996
8  (9th Cir. 2007).  The Ninth Circuit noted that "a plaintiff may sue for less than the amount she may be
9  entitled to if she wishes to avoid federal jurisdiction and remain in state court," subject only "to a
10 'good faith' requirement in pleading." Id. at 999.  The court is to consider the complaint, Notice, and
11 "summary-judgment-type evidence relevant to the amount in controversy at the time of removal,"
12 Abrego, 443 F.3d at 682-83, in making this determination.

13 Rather than apply the "legal certainty" test, Tilly's argues that the court should apply the
14 preponderance standard because the complaint's amount in controversy allegations are not clear.  In
15 Guglielmino v. McKee Foods Corp., 506 F.3d 696 (9th Cir. 2007), the Ninth Circuit noted, for
16 purposes of determining the burden of proof when plaintiffs move to remand pursuant to 28 U.S.C.
17 §1447, that the $75,000 amount in controversy requirement of 28 U.S.C. §1332(a) is subject to varying
18 burdens of proof.  In the case where it is unclear or ambiguous whether the amount in controversy is
19 satisfied, the court applies "a preponderance of the evidence standard." Id. at 699.  The Ninth Circuit
20 also noted for purposes of CAFA, "when a state-court complaint affirmatively alleges that the amount
21 in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with
22 legal certainty that CAFA's jurisdictional amount is met.'" Id. (quoting Lowdermilk, 479 F.3d at
23 1000).  Here, Tilly's asserts that the amount in controversy allegations are unclear because Plaintiff
24 seeks leave to amend in the event damages exceed $5,000,000 and seeks additional compensation in
25 the form of punitive damages and attorney's fees.  While the complaint is not a model of clarity with
26 respect to the amount in controversy (the Prayer for Relief requests an unspecified amount of
27 compensatory damages in addition to punitive damages and attorney's fees), the court concludes that
28 under either a preponderance or legal certainty burden of proof, Tilly's fails to show that the amount

in controversy satisfies the threshold amount in controversy.

Here, the Class consists of all persons in California who purchased, possessed or received a Tilly's gift card and could not redeem the gift card for "its cash value when the remaining cash value on the card is less than $10.00" (Compl. ¶14). California Civil Code §1749.5(b)(2) provides, in pertinent part, that "any gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value." Craig DeMerit, Tilly's Vice President of Information Systems, declares that the total number of gift cards purchased in California after January 1, 2008 exceeds 100,000 cards with a value in excess of $10 million and that 15,000 gift cards were purchased outside the State of California but used at "brick and mortar stores" in California. The court notes that calculating with precision the relevant amount in controversy is not an easy task. Tilly's argues that the relevant amount in controversy is the entire amount of money used to purchase the gift cards because the complaint alleges, in a parade of injuries, "the loss of money used to purchase the gift cards." (Compl. ¶35). The court concludes that this isolated phrase, in light of the Complaint's allegations, is not determinative. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977).

For an award of damages under the Consumer Legal Remedies Act, Plaintiff is entitled to her actual damages consisting of "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction." Civil Code §3343(a). Here, the maximum amount in controversy per card appears to be $9.99, the amount that is redeemable in cash pursuant to Civil Code §1749.5(b)(2), but not made available by Tilly's.[1] Using $9.99 as the appropriate measure of compensatory damages, the total amount in controversy established by Tilly's is only about $1,150,000 (115,000 cards times $9.99 per card), far short of CAFA's $5,000,000 jurisdictional threshold.

Tilly's, as the party who has the burden of establishing federal jurisdiction, see Gaus, 980 F.2d at 566, falls short of establishing to either a preponderance of the evidence, or to a legal certainty, that

---

[1] Of course, Class Members who redeemed the balance of the gift card in goods cannot demonstrate compensable injuries.

the amount in controversy exceeds $5,000,000. In light of Tilly's failure to identify legal authorities and a factual record to support its damages assessment, the court resolves all doubts in favor of remand. Id.

In sum, the court grants the motion to remand.

**CAFA's Local Controversy Exception**

Plaintiff also argues that the local controversy exception of CAFA requires the court to decline to exercise jurisdiction. The local controversy exception requires the district court to decline to exercise jurisdiction:

"(A)(I) over a class action in which –

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II) at least 1 defendant is a defendant –
    (aa) from whom significant relief is sought by members of the plaintiff class;
    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
    (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons…"

28 U.S.C. §§ 1332(d)(4)(A). The burden to establish an exception to CAFA's jurisdiction is on the party seeking remand. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007).

The court concludes that it lacks CAFA jurisdiction over this action. The complaint alleges that the action is brought on behalf of "all persons in the State of California who have purchased, received or possessed a Tilly's gift card." (Compl. ¶2). While the Complaint does not allege more precise technical terms such as "citizens" or "domiciled," the allegation that the action is brought on behalf of all persons in California are sufficient to establish that two-thirds of the Class are "citizens" of California. Tilly's argues that at least 15,000 gift cards were purchased outside the State of

1  California but used within the State. Even assuming these individuals are Class Members, the total
2  cards purchased in California during the Class Period exceeds 100,000. (DeMerit Decl. ¶4). As the
3  non-residents compose less than 15% of the Class, the two-thirds requirement of the local controversy
4  exception is satisfied.

5  Tilly's is also a citizen of the State of California because it has its principal place of business
6  in Irvine, California. (Compl. ¶3; Tomasevic Decl. Exhs. A and B). Further, all of the alleged
7  wrongful conduct occurred in the State of California, thereby satisfying the local controversy
8  exception.[2] As the local controversy exception prevents this court from exercising jurisdiction over
9  the action, the court remands this action to state court.[3]

10  In sum, the court grants the motion to remand. The Clerk of Court is instructed to remand this
11  action to state court.

12  **IT IS SO ORDERED.**

13  DATED: March 7, 2012

14  _____
15  Hon. Jeffrey T. Miller
    United States District Judge

16  cc:        All parties

---

[2] The court notes that neither party identifies any similar class action filed within the preceding three years.

[3] In her reply brief, Plaintiff also requests that the court award her attorney's fees pursuant to 28 U.S.C. §1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the court denies the request for two reasons. First, Plaintiff raised this issue for the first time in her reply brief, thereby depriving Tilly's of the opportunity to respond to the motion in the ordinary course. Second, even addressing the merits, the court cannot conclude, in light of Plaintiff's inartful pleading, that Tilly's lacked an objectively reasonably basis to remove the action.